Marianne STODDARD, Plaintiff–Appellant,

v.

EASTMAN KODAK COMPANY, Defendant–Appellee.

No. 07–1783–cv.

United States Court of Appeals, Second Circuit.

Feb. 13, 2009.

Karen R. Sanders, Rochester, NY, for Appellant.

T. Andrew Brown, Brown & Hutchinson, (Michelle A. Hutchinson, Melissa A. Meyer, of counsel), Rochester, NY, for Appellee.

Present: ROBERT D. SACK, B.D. PARKER, Circuit Judges, DENISE COTE, District Judge.*

### SUMMARY ORDER

Marianne Stoddard appeals from the March 28, 2007 judgment of the district court entering summary judgment in this employment discrimination action in favor of her former employer, defendant Eastman Kodak Company ("Kodak"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

After having worked at Kodak for twenty years, Stoddard's position was terminated during a restructuring that Kodak underwent in late 2001. Stoddard was offered a position at the same pay wage and scale, but refused the new position and left Kodak. Stoddard filed a claim for, *inter alia*, gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and Article 15 of N.Y. Human Rights Law § 296. Stoddard asserts she was discriminated against on the basis of her gender when, *inter*

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

*alia,* Kodak eliminated her position and offered her a different position that she alleges was inadequate, she was subject to undue and overly harsh criticism by her boss, and her boss wrote an unduly critical memorandum to her file. She also alleges that as retaliation for complaints she had made about unequal pay for a female employee she supervised and for her own allegedly discriminatory treatment, Kodak offered her the inadequate position during the restructuring, she was subjected to even more unduly harsh criticism, and her boss wrote the critical memorandum.

"We review a district court's grant of summary judgment *de novo,* viewing the facts in the light most favorable to the nonmoving party and resolving all factual ambiguities in its favor." *Tom Rice Buick–Pontiac v. General Motors Corp.,* 551 F.3d 149, 154 (2d Cir.2008). We may affirm a district court's grant of summary judgment for any reason supported by the record, even if the reason is different from the one relied upon by the district court. *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001).

Stoddard's discrimination claim is analyzed under the burden-shifting framework first set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, the "plaintiff must first establish a *prima facie* case by demonstrating that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." *Demoret v. Zegarelli,* 451 F.3d 140, 151 (2d Cir.2006). "If the plaintiff demonstrates a *prima facie* case, the burden shifts to the defendant employer to provide a legitimate, non-discriminatory reason for the action." *Id.* Finally, if the defendant makes such a showing, the plaintiff bears the ultimate burden of per-

suasion to prove intentional discrimination, "for example, by showing that the employer's proffered reason is pretextual." *Id.* As for Stoddard's retaliation claim, the *McDonnell Douglas* burden-shifting analysis applies as well, *see Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 94 (2d Cir.2001), and "[t]o establish a prima facie case of retaliation, an employee must show [1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action." *Richardson v. Comm'n on Human Rights & Opportunities,* 532 F.3d 114, 123 (2d Cir.2008) (citation omitted) (alteration in original).

Stoddard challenges on appeal the dismissal of her claims for disparate treatment and retaliation. She does not appeal the dismissal of her claims for violation of equal pay in violation of the Equal Pay Act or the New York State Labor Law.

■ The disparate treatment claims were properly dismissed. While Stoddard complains of the manner in which her supervisor treated her during the year 2001, she did not pursue a hostile work environment claim in the district court and has only identified one potentially adverse employment action that she experienced during that time, to wit, that her supervisor placed a memo in her personnel file in October 2001 criticizing her job performance. *See Mathirampuzha v. Potter,* 548 F.3d 70, 78 (2d Cir.2008) (adverse employment action is "a materially adverse change in the terms and conditions of employment" and "must be more disruptive than a mere inconvenience or an alteration of job responsibilities," such as a "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material

responsibilities, or other indices unique to a particular situation" (citation omitted)); *Patane v. Clark,* 508 F.3d 106, 112 (2d Cir.2007).

With respect to the single memorandum criticizing her job performance, Stoddard failed to offer sufficient evidence that it resulted in any alteration of her working conditions or job responsibilities. Regardless, Stoddard failed to present sufficient evidence from which a jury could conclude that her employer wrote that memorandum with the intention of discriminating against her based on her gender. Thus, she failed to make a prima facie claim for gender discrimination.

■ The other alleged adverse employment action on which Stoddard attempts to establish a claim is the elimination of her job as quality manager as part of Kodak's downsizing. During a restructuring of Stoddard's unit that spanned several years, Kodak reduced the workforce from 600 to ten employees. Eighty employees were affected by the late 2001 restructuring. Of the eighty, many lost their jobs and only ten were offered employment in new jobs within Kodak that carried the same salary and benefits. Stoddard received one of those ten offers and was the only one of the ten employees not to accept the offer. Even if this were an adverse employment action—an assertion based entirely on speculation—Stoddard has failed to establish circumstances giving rise to an inference of discrimination. Her claim that other male employees were treated differently, given better transfer opportunities, or that the position she was offered was motivated by any discriminatory intent are entirely conclusory and speculative. Her additional argument that had she stayed at Kodak, she was going to be required to report to someone who had once been her peer for several months is similarly unavailing. Stoddard has also not given any remotely plausible reason why Kodak would engage in a restructuring of an entire division simply to eliminate her position, and then offer her a new one.

■ Stoddard's other disparate treatment claims including, *inter alia,* her claim of excessively harsh criticism by her boss, and inadequate office supplies and space, do not constitute adverse employment actions. In any event, she has failed to show circumstances giving rise to an inference of discrimination. Stoddard has failed to establish that male employees were actually treated any differently than she was. Similarly, Stoddard's claim of disparate treatment because she was not paid the same as male employees fails because she has not given any evidence as to how much male employees with comparable jobs were paid. She has therefore failed to make a prima facie claim for gender discrimination.

Stoddard's claim that she was constructively discharged also fails because she has not shown an environment so intolerable that it amounted to a constructive discharge. *See Ferraro v. Kellwood Co.,* 440 F.3d 96, 101 (2d Cir.2006).

■ The retaliation claim was also properly dismissed. Stoddard alleges retaliation for her complaints that one of her subordinates was not being paid appropriately because she was a woman, and Stoddard's complaints that she, herself, was being discriminated against because of her gender. She asserts that after making these complaints she was subjected to closer scrutiny by her boss, was "blackballed," and that she was not given an adequate transfer opportunity when her position was eliminated. Stoddard fails to establish a prima facie claim for retaliation. Even if she has shown an adverse employment action, which is very unlikely, *see Kessler v. Westchester County Dep't of Soc. Servs.,* 461 F.3d 199, 207 (2d Cir. 2006), she has failed to establish any causal

connection between the alleged protected activity in which she engaged and the alleged adverse employment actions to which she was subjected.

With regard to the October 2001 memorandum, while a close temporal relationship between a protected activity by a plaintiff and an adverse action taken against her can be sufficient to establish a causal connection, *see, e.g., Lovejoy–Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 224 (2d Cir.2001), in the instant case, where the protected activity took place two months prior to the alleged adverse action, and where there is nothing other than that temporal proximity invoked to establish a retaliatory intent, the causal relationship is not established.

Stoddard's assertions of intensifying unduly harsh criticism by her supervisor following her protected activity also fails. Even if this constituted an adverse employment action, she has provided no grounds upon which the court could find a causal connection between the criticism and her protected activity.

Finally, plaintiff has also given no evidence upon which to base a finding of the existence of a causal connection between her failed attempted transfer and her protected activity. She does not accuse Kodak of undertaking a restructuring to conceal discrimination or retaliation against her. While she asserts that she should have been offered a better job, she has not offered evidence sufficient to establish either that the job to which she was assigned was not comparable to her previous job, or that others similarly situated were assigned to better jobs. Stoddard has given no evidence upon which to base her assertion that either the elimination of her job, or the attempted transfer to another job at the same wage scale were retaliatory.

Because Stoddard's claims under federal law fail, so do her claims under New York state law. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n. 1 (2d Cir.2000).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.